**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000475
31-MAY-2019
07:54 AM**

NO. CAAP-15-0000475

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ANDREA M. MILLS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 13-1-0958(1))

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Andrea M. Mills (Mills) appeals the May 22, 2015 Order Denying Defendant's Motion to Reconsider Denial of Motion for Deferred Acceptance of Guilty Plea (Order Denying Motion), entered by the Circuit Court of the Second Circuit (circuit court).[1]

Mills was charged by indictment with one count of Insurance Fraud, in violation of Hawaii Revised Statutes (HRS) §§ 431:2-403(a)(1)(B) and 431:2-403(b)(2) (Supp. 2011 & Supp. 2012), and one count of Attempted Theft in the Second Degree, in violation of HRS §§ 705-500 (1993), 708-830(2) (1993), and 708-831(1)(b) (Supp. 2011 & Supp. 2012). On May 23, 2014, pursuant to a plea agreement, Mills pleaded guilty to both counts and requested a deferred acceptance of guilty (DAG) plea.[2] On

---

[1] The Honorable Rhonda I.L. Loo presided.

[2] Based on the charges brought against her, Mills faced a maximum penalty of ten years (and a possible extended term of twenty years) in prison and a $20,000 fine. The guilty plea form indicated that Mills entered into the following plea agreement:

August 13, 2014, the circuit court entered its Judgment Conviction and Probation Sentence (Judgment), convicting Mills of both charged offenses and sentencing her to five years probation and a $2,500 fine. Mills did not appeal the Judgment. On November 12, 2014, through newly-retained counsel, Mills filed a Motion to Reconsider Denial of Motion for Deferred Acceptance of Guilty Plea (Motion). Mills filed a supplemental memorandum in support of the Motion on March 20, 2015, explaining that she sought the circuit court's reconsideration of its denial of Mills' motion for DAG plea, or alternatively, a withdrawal of her guilty plea. The Motion was heard and orally denied on April 17, 2015. On May 22, 2015, the circuit court entered its Order Denying Motion.

On appeal, Mills asserts that the circuit court erred in denying Mills' Motion because: (1) no factual basis had been established on the record to sustain Mills' guilty plea; (2) Mills was prejudiced by ineffective assistance of counsel; and (3) Mills was harmed by prosecutorial misconduct.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mills' points of error as follows.

Mills first argues on appeal that the circuit court failed to adequately establish a factual basis for her guilty plea. Normally, this argument would be deemed waived because Mills failed to raise it at the trial level; however, we review the issue for plain error. See State v. Fagaragan, 115 Hawai'i 364, 367-68, 167 P.3d 739, 742-43 (2007) ("Normally, an issue not preserved at trial is deemed to be waived. But where plain

---

In return for my guilty peas [sic] to counts one and two, the State will recommend five years probation, no additional jail, a fine of $2,500.00, one hundred and fifty (150) hours of community service approved by her [sic] probation officer, and will pay any fees imposed by the Court. The agreement allows the Defendant to apply for a DAG (deferred acceptance of guilty) plea and also allows the State to oppose it.

[X]    I know that the court is not required to follow any deal or agreement between the Government and me. I know that the court has not promised me leniency.

errors were committed and substantial rights were affected thereby, the errors may be noticed although they were not brought to the attention of the trial court." (Internal quotation marks, citations, and brackets omitted)). The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." State v. Vanstory, 91 Hawai'i 33, 42, 979 P.2d 1059, 1068 (1999) (internal quotation marks and citation omitted).

Although Mills mainly asserts plain error with respect to the circuit court's acceptance of Mills' guilty plea, such asserted plain error also pervades the circuit court's denial of Mills' motion to withdraw her guilty plea[3] made after imposition of the sentence.

At the change of plea hearing, the circuit court recited the charges brought against Mills, and confirmed with Mills that she understood the charges and had no questions about them. The circuit court then confirmed Mills' understanding of the rights she would be giving up by pleading guilty and confirmed that Mills was entering into the plea knowingly, intelligently, and voluntarily. The following exchange then occurred:

> THE COURT: The Court finds that the Defendant knowingly, intelligently, and voluntarily waived her right to request additional time to consider the appropriateness of her plea in light of the advisement given by the Court. Is there a stipulation to a factual basis?
>
> [PROSECUTOR]: Yes, your Honor.
>
> [DEFENSE COUNSEL]: Yes, your Honor.
>
> THE COURT: Do you understand, Ms. Mills, that if you violate any condition of bail, recognizance, or supervised release, commit any new offenses, or fail to appear for sentencing, that the plea agreement is off, and there will

---

[3] Mills' November 12, 2014 Motion sought a withdrawal of her guilty plea as an alternative to her other request for the court's reconsideration of the denial of her request for a DAG plea. We construe Mills' request to withdraw her guilty plea as an HRPP Rule 40 (2006) petition for post-conviction relief. See HRPP Rule 32(d) (2012) ("[At any time later than ten days after imposition of sentence], a defendant seeking to withdraw a plea of guilty or nolo contendere may do so only by petition pursuant to Rule 40 of these rules and the court shall not set aside such a plea unless doing so is necessary to correct manifest injustice.").

be no agreements as to sentencing?

THE DEFENDANT: Yes, your Honor.

THE COURT: What's your plea to Count One, Insurance Fraud and Count Two, Attempted Theft in the Second Degree.

THE DEFENDANT: <u>Not guilty</u>.

THE COURT: So shall we reset this for trial?

[DEFENSE COUNSEL]: Well, your Honor, I do believe it --

THE DEFENDANT: <u>I'm not going to lie</u>.

[DEFENSE COUNSEL]: Well, that's --

THE DEFENDANT: <u>I'll plead guilty, but that's not true</u>.

[DEFENSE COUNSEL]: Well, essentially, what she's trying to do is make an Alfred [sic] plea,[4] your Honor. However --

THE COURT: I'll ask you one more time. Based on your answer, we'll see where we go.
Ms. Mills, what is your plea to Count One, Insurance Fraud and Count Two, Attempted Theft in the Second Degree?

[DEFENSE COUNSEL]: Can I have just one second?

THE COURT: That's fine.

(Whereupon Defense Counsel and the Defendant conferred.)

THE DEFENDANT: Guilty.

THE COURT: Sorry. Do you understand the question?

THE DEFENDANT: Yes.

THE COURT: Okay. So what's your plea to Count One, Insurance Fraud and Count Two, Attempted Theft in the Second Degree?

THE DEFENDANT: The plea is guilty.

(Emphases added.)

As we recently discussed in <u>State v. Wright</u>, No. CAAP-17-0000681, 2019 WL 324705, at *6 (Haw. App. Jan. 25, 2019) (SDO), the Hawai'i Supreme Court has explicitly cautioned against accepting a guilty plea absent a strong factual basis for the plea in cases where the defendant contemporaneously denies the acts constituting the criminal charge:

---

[4] Trial counsel stated that Mills was essentially attempting to make an Alford plea -- "[a] guilty plea that a defendant enters as part of a plea bargain without admitting guilt." <u>Alford plea</u>, <u>Black's Law Dictionary</u> (10th ed. 2014).

4

> In instances "where a tendered plea of guilty is accompanied by a contemporaneous denial of the acts constituting the crime charged," this court has ruled that
>
> > a searching inquiry addressed to the defendant personally, to ensure the defendant's complete understanding of the finality of his guilty plea if accepted, should be conducted by the trial court before accepting the plea. Only then, and only after satisfying itself that there is a strong factual basis for the plea, ought the trial court accept the plea.

Id. (quoting State v. Merino, 81 Hawai'i 198, 217 n.19, 915 P.2d 672, 691 n.19 (1996)). "An inquiry into the factual basis for a guilty plea requires the trial court to assess the defendant's conduct against the essential elements of the charged crime." Id. (citing State v. Teves, 4 Haw. App. 566, 570, 670 P.2d 834, 837 (1983)).

In Wright, we affirmed the trial court's decision not to accept Wright's attempted guilty plea to the charge of Promoting a Dangerous Drug in the Second Degree, in violation of HRS § 712-1242(1)(b) (Supp. 2016), where, at the change of plea hearing, Wright contradicted herself several times and expressly acknowledged that she did not know the weight of the methamphetamine while she possessed it. Id. at *7. During a colloquy with Wright, the trial court stated the elements of the charge; the trial court confirmed that Wright was in possession of methamphetamine and questioned her as to the drug's weight. Id. at *1. The trial court determined that there was no strong factual basis as to Wright's knowledge that she held one-eighth ounce or more of the possessed-drug, which was an essential element of the charged crime. Id. at *3-4. We concluded that the trial court did not abuse its discretion in rejecting Wright's guilty plea based on this determination. Id. at *7.

Here, Mills pleaded guilty to Insurance Fraud, in violation of HRS §§ 431:2-403(a)(1)(B) and 431:2-403(b)(2),[5] and

---

[5] HRS § 431:2-403 provides, in relevant part:

**§431:2-403 Insurance fraud.** (a) A person commits the offense of insurance fraud if the person:

    (1)    Intentionally or knowingly misrepresents or conceals material facts, opinions, intention, or law to obtain or attempt to obtain coverage, benefits, recovery, or compensation:

Attempted Theft in the Second Degree, in violation of HRS §§ 705-500,[6] 708-830(2),[7] and 708-831(1)(b).[8]  As elements of these

---

. . .

(B)  When presenting, or causing or permitting to be presented, false information on a claim for payment;

. . . .

(b) Violation of subsection (a) is a criminal offense and shall constitute:

. . .

(2)  A class C felony if the value of the benefits, recovery, or compensation obtained or attempted to be obtained is more than $300[.]

[6]  HRS § 705-500 provides:

§705-500 Criminal attempt.  (1) A person is guilty of an attempt to commit a crime if the person:

(a)  Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or

(b)  Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

(2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

[7]  HRS § 708-830 provides, in relevant part:

§708-830 Theft.  A person commits theft if the person does any of the following:

. . . .

(2) Property obtained or control exerted through deception.  A person obtains, or exerts control over, the property of another by deception with intent to deprive the other of the property.

[8]  HRS § 708-831 provides, in relevant part:

§708-831 Theft in the second degree.  (1) A person commits the offense of theft in the second degree if the person commits theft:

crimes, the State needed to prove the intent component of the charges. Thus, in order to accept Mills' guilty plea, the circuit court had to satisfy itself under HRPP Rule 11(g) (2014)[9] that there was a factual basis to support the elements of intent and/or knowledge.

Once Mills asserted her innocence, it was incumbent on the circuit court to conduct "a searching inquiry addressed to the defendant personally" to ensure that a factual basis existed as to each element of each charge to which she pleaded guilty. Merino, 81 Hawai'i at 217 n.19, 915 P.2d at 691 n.19. Instead, the circuit court accepted Mills' guilty plea based on a factual basis established only through stipulation by counsel, which did not refer to any document or any particular facts at all. In confirming that Mills understood each charge to which she was pleading guilty, the circuit court did not detail the material elements of the charges or the facts supporting each element. Compared to the thorough colloquy the trial court conducted in Wright, where the court addressed the elements and facts individually and to the defendant personally, we conclude that the stipulation by counsel here was insufficient to provide a factual basis for a guilty plea where Mills denied the acts constituting the crimes charged.

The State cites People v. Palmer, 313 P.3d 512 (Cal. 2013) in arguing that a stipulation to a factual basis for a guilty plea satisfies the court's inquiry that a factual basis for a guilty plea exists. The State also argues that the circuit court had an understanding of the factual basis for Mills' plea because the court reviewed the pre-sentence diagnosis and report and was thus "subjectively satisfied" that a factual basis for the guilty plea existed. However, these arguments do not address

---

. . .

(b) Of property or services the value of which exceeds $300[.]

[9] HRPP Rule 11(g) provides:

**(g) Determining accuracy of plea.** Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

the heightened requirement in Hawaii's jurisprudence that "a searching inquiry [be] addressed to the defendant <u>personally</u>" where the defendant denies the acts constituting the crime charged. <u>Merino</u>, 81 Hawai'i at 217 n.19, 915 P.2d at 691 n.19 (emphasis added). Such an inquiry did not occur in this case.

Thus, in the absence of any on-the-record inquiry assessing Mills' conduct against the essential elements of the crimes, the circuit court failed to adequately establish the factual basis for Mills' guilty plea as required under <u>Merino</u> and <u>Teves</u>. Accordingly, the circuit court plainly erred in denying Mills' motion to withdraw her guilty plea.

In light of our conclusion as to Mills' withdrawal of her guilty plea, we need not address Mills' contentions regarding the circuit court's reconsideration of her motion for a DAG plea based on prosecutorial misconduct and ineffective assistance of counsel.

For the foregoing reasons, we vacate the May 22, 2015 Order Denying Defendant's Motion to Reconsider Denial of Motion for Deferred Acceptance of Guilty Plea. We remand this case to the Circuit Court of the Second Circuit for entry of an order vacating Mills' sentence and granting the motion to withdraw her plea.

DATED: Honolulu, Hawai'i, May 31, 2019.

On the briefs:

Stephen Levine,
for Defendant-Appellant.

Ryan K. Shinsato,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge